## Collins's Estate.

*Wills—Construction—Legacies—Gifts of residue—Codicils.*

1. Where testatrix, having given legacies to a sister, seven nephews and nieces, one stranger and two charitable institutions, gave the residue to "my above . . . legatees in equal parts and shares," and then directed by a codicil at a later date as to "all legacies and interest in residue legacies" bequeathed to nephews and nieces who had died since the will was made, "I wish those legacies and residue legacies to revert" to residue for the benefit of nephews and nieces living at the time of her death, the charitable institutions retain their shares of the residue.

2. One of the residuary legatees was a niece who died in testatrix's lifetime and to whom testatrix had bequeathed a number of minor specific legacies in the first codicil; by the third codicil she revoked the niece's original pecuniary legacy without referring to her interest in the residue; by the fourth codicil she again revoked the pecuniary legacy, but bequeathed the amount thereof in trust to the niece for life; by the fifth codicil she gave her a share of the lapsed legacies, expressly limiting her interest for life: *Held*, that the revocation of her original pecuniary legacy did not eliminate her as a legatee of the residue, as the words "my above legatees" were merely a convenient method of designating the persons intended to take the residue and were not intended to annex to the residuary gift the condition that the pecuniary legatee should maintain that particular legacy to the end.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1926, No. 531.

*Harvey Gourley*, for William A. Brown, Robert B. Brown and Henry M. Brown, exceptants.

*Joseph H. Grubb, Jr.*, and *Frederick C. Newbourg, Jr.*, for the Presbyterian Home for Widows and Single Women in the State of Pennsylvania, assignee of Hannah D. Brown, exceptant.

*Philip Price*, for the Woodland Cemetery Company, exceptant, and contra exceptions filed by the Browns.

*Edward W. Fell* and *Henry Spalding*, for the Messiah Universalist Home, contra.

VAN DUSEN, J., Nov. 17, 1926.—Testatrix gave money legacies to a sister and seven nephews and nieces, to one stranger and to two institutions. The residue she gave to "my above mentioned legatees in equal parts and shares." After codicils making various changes because of deaths and otherwise, by the fifth and last codicil she provided as follows: "My niece Mary E. Brown now deceased I had bequeathed the sum of Two thousand dollars that money I wish to be added to the residue of my estate and all legacies and interest in residue legacies I having bequeathed to my nephews and nieces who have died since I made my will I wish those legacies and residue legacies to revert to the residue of my estate for the benefit of my nephews and nieces living at the time of my decease share and share alike."

Several of the nephews and nieces mentioned in the will had died prior to the date of this codicil. The Auditing Judge held that the two institutions, not being nephews and nieces who had died, retained their shares of the residue given in the will. The share of Hannah D. Brown, a niece who had not died, he disposed of on other grounds which are discussed below. The exceptants argued that the words "residue legacies" in the fifth codicil, where they last occur, make a new disposition of the whole residue, including the shares of the two institutions.

Testatrix first refers to "all legacies and interest in residue legacies" which she had bequeathed to nephews and nieces who had died. She then refers to "those legacies and residue legacies," and gives them to nephews and nieces who survive. It is impossible to read these two expressions occurring close together in the sentence without believing that the one is the equivalent of

Collins's Estate.

the other, that the word "those" modifies both of the following expressions "legacies and residue legacies," and, therefore, that the qualification of "residue legacies" as those which are given to nephews and nieces who had died is to be understood the second time as well as the first. Otherwise the first reference to residue legacies is superfluous.

The exceptions of William A. Brown, Robert B. Brown and Henry M. Brown are dismissed.

The exceptions of the Presbyterian Home for Widows and Single Women in the State of Pennsylvania, assignee of Hannah D. Brown, raise a different question. She was one of the original money legatees and so an original residuary legatee. By the first codicil she also got minor specific legacies. The third codicil revoked the original money legacy, but not specifically her share in the residue. The fourth codicil again revoked the money legacy, but bequeathed the amount thereof in trust for her for life. By the fifth and last codicil (the one above discussed) she got a share of the lapsed legacies, but it was expressly limited for life.

The Auditing Judge ruled that the revocation of the original money legacy to Hannah D. Brown eliminated her as a legatee of the residue, and that she was not reinstated by the later legacies for life.

The expression "my above mentioned legatees" seems to us to be merely a convenient short method of designating persons, and not to annex to the residuary gift the condition that the money legatee should maintain that particular legacy to the end. This conclusion is supported by Snodgrass's Appeal, 7 Pitts. L. J., N. S., 37, which is closely similar to this case.

Testatrix intended to include her when the will was written; and to exclude her merely by implication from what is later done is not to be allowed. If we do not take this strict ground, we are led into all sorts of difficulties, some of which appear in this case. Is the legatee reinstated if she is given another legacy in the same codicil which revokes the first legacy? What if the new legacy is limited for life only? Or is for a nominal amount? What if the new legacy be not money, but such a thing as the portrait of testatrix and her husband at Niagara Falls, of which the legatee thought so little that she refused to receive it?

We are not unused to wills with a number of codicils appended thereto which do not contain a consistent scheme of distribution when laid side by side. If the testatrix in revising her will revoked some provisions and overlooked others, we can only go by what she said, and cannot infer that she would have gone further if the matters had been called to her attention. Neither can we impose on the whole will a general intention as to Hannah D. Brown derived from the third codicil (the one which simply revokes her money legacy) which notes that Hannah has gone into a Home "and will be provided for and taken care of." In spite of this, she eventually gets two legacies for life, and the furthest extent to which this consideration would go would be to limit all the provisions for her in the same way. Even this, we think, is going too far.

Exceptions 1, 2, 3 and 4 of the Presbyterian Home for Widows and Single Women in the State of Pennsylvania, assignee of Hannah D. Brown, are sustained, and the residue is awarded in ninths instead of eighths, namely: 1/9 to Woodland Cemetery Company, less tax; 1/9 to the Messiah Universalist Home for the Aged, less tax; 1/9 each, less tax, to William A. Brown and Robert B. Brown; 1/9 to Hannah D. Brown, subject to her assignment, less tax; and the remaining 4/9, which was given to nephews and nieces who died before testatrix, to wit, Mary E. Brown, Tillie H. Brown, George B. Brown

### Collins's Estate.

and Ella May Jester, ¼ each to William A. Brown, Robert B. Brown and Henry M. Brown, less tax, and the remaining ¼ to Fidelity Trust Company, in trust for Hannah D. Brown, as aforesaid, subject to her assignment, less tax.

The Presbyterian Home for Widows and Single Women in the State of Pennsylvania, by its 5th exception, calls attention to the failure of the Auditing Judge to make the award of her one-fourth share of the revoked Mowbray Pearson legacy of $1000 subject to the assignment to the Home. This was evidently an oversight; and this exception is sustained, and the adjudication is modified by making the award subject to the assignment.

The will gave a legacy of $300 to Woodland Cemetery Company for care of a lot. In the petition for distribution it was stated that $200 was enough, and the Auditing Judge understood this to mean that the cemetery company would be satisfied with the amount. It has been called to our attention by their exceptions that this was an error; and, as they are entitled to their legacy in full, their exceptions are sustained with the concurrence of the parties who have an interest to the contrary; and $300 is awarded to Woodland Cemetery Company for the purpose of keeping decedent's cemetery lot perpetually in good order and condition.

THOMPSON, J., did not sit.